UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES FISHER<br>    **Plaintiff**<br><br>v.<br><br>MEDCONN COLLECTION AGENCY, LLC<br>    **Defendant** | CIVIL ACTION<br><br>**COMPLAINT**<br><br><br><br><br>**DECEMBER 11, 2009** |

## COMPLAINT

### I. INTRODUCTION

1. This is a suit brought by a consumer against a collection agency for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

### II. PARTIES

2. Plaintiff, James Fisher, is a natural person residing in New Britain, Connecticut.

3. Defendant, Medconn Collection Agency, LLC ("Medconn"), is a Connecticut limited liability company licensed by the Connecticut Department of Banking as a Consumer Collection Agency.

### III. JURISDICTION

4. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337

5. This Court has jurisdiction over Medconn because it is a Connecticut company that engages in business activities within Connecticut.

6. Venue in this Court is proper, as the Plaintiff is a resident of Connecticut and the acts complained of occurred in this state.

## IV. FACTUAL ALLEGATIONS

7. Sometime prior to August 2009, Plaintiff accrued a debt with The Hospital of Central Connecticut.

8. The Hospital of Central Connecticut subsequently hired Medconn to collect said debt.

9. On or around August 14, 2009, Plaintiff received a voicemail from Medconn in an attempt to collect that debt.

10. On or around August 14, 2009, Plaintiff prepared and sent a letter to Medconn disputing the debt, requesting verification of the debt, and demanding that Medconn cease placing any further phone calls to Plaintiff.

11. The aforementioned letter was sent by certified mail and was received by Medconn on August 18, 2009.

12. On or around August 17, 2009, Plaintiff received a collection letter ("the letter") from Medconn.

13. The letter referenced a specific account number with The Hospital of Central Connecticut, and it also referenced "various other accounts" that Medconn presumably had been hired to collect.

14. Furthermore, the letter stated in bold capital letters "THIS OFFICE HAS VERIFIED YOU ARE A HOMEOWNER."

15. The letter did not contain the required language of FDCPA § 1692g(a) regarding Plaintiff's right to dispute the allege debt or request verification of the alleged debt.

## V. CLAIMS
### Fair Debt Collection Practices Act

16. Plaintiff incorporates Paragraphs 1- 15.

17. Medconn violated the FDCPA in the following respects:

   a. Medconn violated 15 U.S.C. § 1692e by including in its collection letter language that was confusing on its face and misrepresented the character of the debt;

   b. Medconn violated 15 U.S.C. § 1692g(a) by failing to include in its letter the required verification rights notice;

   c. Medconn violated 15 U.S.C. § 1692d by engaging in conduct as described above, the natural consequence of which was to harass, oppress, or abuse the plaintiff; and

   d. Medconn violated 15 U.S.C. § 1692f by using unfair or unconscionable means to attempt to collect the debt as described above.

18. For Medconn's violations of the FDCPA as described above, Plaintiff is entitled to recover his actual damages, statutory damages of $1,000, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, Plaintiff prays for the following relief:

Actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. § 1692k, and such other relief as this Court deems appropriate.

PLAINTIFF, JAMES FISHER

By: _____

Daniel S. Blinn, ct02188
Matthew W. Graeber, ct27545
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT 06067
Tel. (860) 571-0408; Fax. (860) 571-7457